

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x

KYLE J. MAXWELL, on behalf of himself and
all others similarly situated,

        Plaintiff

    -against-

RELIN, GOLDSTEIN & CRANE, LLP, JOSEPH M.
SHUR, Individually, and JOHN AND JANE DOES
NUMBERS 1 THROUGH 25, SAID PERSONS BEING
NAMED HEREIN AS THE PERSONS WHO ALSO
CONTROL THE POLICIES AND PRACTICES INVOKED
BY RELIN, GOLDSTEIN & CRANE, LLP,

        Defendants
------------------------------------------x

**10 CIV 00395**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**



## I. Preliminary Statement

1. Plaintiff, KYLE J. MAXWELL, on his own behalf and on behalf of the class he seeks to represent, brings this action for illegal practices of the above-named Defendants who used false, deceptive and misleading practices in conjunction with attempts to collect alleged debts. Plaintiff alleges that the Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 et. seq. (FDCPA). Plaintiff seeks statutory damages for himself and the class of persons defined herein, costs and attorneys fees.

## II. Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C.A. sec. 1692k and 28 U.S.C. sec. 1331. Venue in this District is appropriate because pertinent events took place here.

## III. Parties

3. Plaintiff Kyle J. Maxwell is a natural person who at all times relevant to this complaint resided in Pomona, New York.

4. Defendant Relin, Goldstein & Crane, LLP (hereinafter "Defendant RGC) is a partnership of duly registered attorneys at law. The Defendant RGC maintains a principal place of business located at 28 East Main Street, Suite 1800, Rochester, New York. The Defendant RGC is engaged in the business of collecting debts. The Defendant RGC collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant RGC is a "debt collector" as said term is defined in the FDCPA.

5. Defendant Joseph M. Shur (hereinafter Defendant Shur) is a natural person residing, upon information and belief, in the State of New York. The Defendant Shur is an attorney duly admitted to practice law in the State of New York. Upon information and belief, the Defendant Shur is employed as an Associate Attorney by the

Defendant RGC. The Defendant Shur is engaged in the business of collecting debts. The Defendant Shur collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant Shur is a "debt collector" as said term is defined in the FDCPA.

6. The Defendants, JOHN and JANE DOES 1 through 25, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. When said true names and capacities are ascertained, Plaintiff will move to further amend this complaint by inserting same.

7. Plaintiff has information and belief and thereon alleges that Defendants, JOHN and JANE DOES 1 through 25, are natural persons and/or business entities. Said DOE Defendants personally created, instituted, and with knowledge such practices were contrary to law, acted consistent with and oversaw policies and procedures used by employees of the Defendant RGC wherein said employees engaged in the unlawful conduct set forth below. Said DOE Defendants personally control the illegal acts, policies, and practices utilized by the Defendant RGC and are, therefore, personally liable for all of the FDCPA violations alleged hereinafter.

### IV. Facts Related To The Named Plaintiff

8. The Plaintiff allegedly incurred a debt to FIA Card Services, N.A.

9. Said alleged obligation is a "debt" as defined in the FDCPA.

10. In the attempt to collect said alleged debt the Defendants filed a lawsuit in the Supreme Court of the State of New York, County of Rockland. A copy of the summons and complaint, and verification in support thereof, all signed by the Defendant Shur, is attached hereto as Exhibit "A".

11. The FDCPA establishes a duty of reasonable inquiry upon an attorney signing any debt collection document, including a summons and/or complaint and verification in support thereof, issued in conjunction with the attempt to collect an alleged consumer debt, to conduct an adequate and complete review of the entire file maintained by the creditor prior to signing and issuing said debt collection documents.

12. The FDCPA requires that an attorney who signs any debt collection document, including a summons and/or complaint and verification in support thereof, is alone responsible for exercising his professional judgment concerning the existence of a valid debt before signing and issuing any debt collection document.

13. The herein summons and complaint and verification were

all signed by the Defendant Shur for the purpose of falsely implying that an attorney at law had provided a meaningful review of the documents maintained by the creditor, FIA Card Services, relevant to the subject account when, in fact, the Defendant Shur did not review such documents or otherwise engage in the acts required to satisfy the concept of "meaningful attorney review" as same is required by the FDCPA.

14. Despite the implication of said meaningful attorney review, and upon information and belief, the Defendant Shur did not review any contract between the Plaintiff and FIA Card Services, nor any purchase invoices used by the Plaintiff, nor any of the billing statements allegedly sent by FIA Card Services to the Plaintiff, nor any other documents contained in the actual file maintained by FIA Card Services as said actual file was never sent to the Defendants prior to the commencement of the New York State Court Action against the Plaintiff named herein.

15. Upon information and belief, the only information reviewed by the Defendant Shur was conveyed via an electronic transmission sent by the law firm of Frederick J. Hanna & Associates, P.C. which is located in Marietta, Georgia.

16. Upon information and belief, the information contained in the electronic transmission referenced is paragraph 15 heretofore was limited to the Plaintiff's name, his address, his sociol security number, his telephone number, the account number, the

account balance and the amount alleged to be past due. The review of this information falls short of the review which is legally required by the FDCPA before an attorney can sign a summons and/or complaint and a verification in support thereof, file same with a court of law and serve same upon a consumer.

### Policies and Practices Complained Of

17. It is the policy and practice of the Defendants to execute summons, complaints and affirmations in support thereof and subsequently file and serve said summons, complaints and affirmations without first engaging in any of the meaningful attorney review of the creditor's file documents as required by the FDCPA.

### VI. Class Allegations

18. This action is brought on behalf of a class of persons with addresses in the State of New York who received a summons and complaint and affirmation from the Defendants in regard to lawsuits commenced in the State of New York against said class of persons based upon a consumer credit transaction.

19. The class period encompasses one year prior to the filing of the complaint in this action through the time an order of final class certification is obtained.

20. Plaintiff alleges on information and belief that the class is so numerous that joinder of all members of the class is impractical.

21. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual members of the class. The principal issues are whether the Defendants named herein violated the FDCPA by using false, deceptive and misleading debt collection means.

22. The Plaintiff's claims are typical of those of the members of the class defined herein. All are based on the same facts and legal theories. Therefore, the same course of violative conduct and legal theories are involved herein.

23. The Plaintiff will fairly and adequately protect the interests of the class defined herein. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the herein action.

24. Certification of the class under Fed. R. Civ. P. 23(b)(3) is appropriate in that the questions of law and fact common to the class defined herein predominate over any questions affecting only individual members of the class and a class action is superior to other methods for the fair and efficient adjudication of the

herein controversy.

## VII.  Class Claims for Relief

25. The Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a. The Defendants violated 15 U.S.C. sec. 1692e by using false, deceptive and misleading representations in an attempt to collect alleged debts.

b. The Defendants violated 15 U.S.C. sec. 1692f by using unfair practices in an attempt to collect alleged debts.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the class for:

A. Certification of the class pursuant to Rule 23(b)(3).
B. Statutory damages for the Plaintiff pursuant to 15 U.S.C.A. sec. 1692k.
C. Statutory damages for the members of the class pursuant to 15 U.S.C. sec. 1692k.
D. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C.A. sec. 1692k.
E. Such other and further relief as may be just and proper.

Dated: Haines Falls, New York
       January 7, 2010

_____
ROBERT L. ARLEO, ESQ.
(RA 7506)
Attorney for the Plaintiff
164 Sunset Park Road
Haines Falls, New York 12436
(518) 589-5264

## DEMAND FOR JURY TRIAL

Please take notice that the Plaintiff demands trial by jury in this action.

_____
Attorney for the Plaintiff

**EXHIBIT A**

Case 7:10-cv-00395-GAY   Document 1   Filed 01/19/10   Page 11 of 14

**CONSUMER CREDIT TRANSACTION**

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ROCKLAND
FIA Card Services, N.A.
1800 Samoset Drive
Wilmington, Delaware 15726

                                    Plaintiff(s)

Index No. SU-2009-011427

Date Purchased 10/28/09
Plaintiff(s) designate(s)
ROCKLAND
County as the place of trial.

The basis of the venue is
DEFENDANT'S LOCATION

-vs-

Kyle J. Maxwell
229 Route 202, #1C
Pomona, New York 10970

                                    SUMMONS
_____Defendant(s)_____

To the above named Defendant(s)

YOU ARE HEREBY SUMMONED and required to appear in the Supreme Court of the County of ROCKLAND located at 1 South Main Street, City of New City, State of New York, by serving an answer to the annexed complaint upon plaintiff's attorney at the address stated below, or if there is no attorney, upon the plaintiff at the address stated above, within the time provided by law as noted below; upon your failure to so answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: September 15, 2009

                                    RELIN, GOLDSTEIN & CRANE, LLP

                                    Joseph M. Shur, Esq.
                                    Attorney(s) for Plaintiff
                                    Office and Post Office Address
                                    28 East Main Street – Suite 1800
                                    Rochester, NY 14614
                                    (585) 325-6202

NOTE: The law provides that:

1) If this summons is served by its delivery to you personally within the County of ROCKLAND, you must answer within twenty (20) days after such service; or

2) If this summons is served by delivery to any person other than you personally, or is served outside the County of ROCKLAND, or by publication, or by any means other than personal delivery to you within the County of ROCKLAND, you are allowed thirty (30) days after service is complete within which to answer.

* You need not physically go to the court to serve an answer.

**THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION ACQUIRED WILL BE USED FOR THIS PURPOSE.**

STATE OF NEW YORK
SUPREME COURT     COUNTY OF ROCKLAND
FIA Card Services, N.A.
1000 Samoset Drive
Wilmington, Delaware 15726

                                Plaintiff,          **VERIFIED COMPLAINT**

      vs.

Kyle J. Maxwell
229 Route 202, #1C
Pomona, New York 10970

                                Defendant(s).
_____

THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION ACQUIRED WILL BE USED FOR THIS PURPOSE.

Plaintiff for its complaint against the defendant(s) herein, alleges as follows:

**FIRST:** Plaintiff is a corporation, having a place of business in the County of New Castle, State of Delaware.

**SECOND:** Upon information and belief, the defendant(s) is a resident of the County of Rockland, State of New York.

**AS AND FOR A FIRST CAUSE OF ACTION, PLAINTIFF ALLEGES:**

**THIRD:** Upon information and belief, that heretofore and within six years last past, at the specific instance and request of the defendant(s), plaintiff loaned certain monies to defendant(s) amounting to the sum of $3,328.48, and although duly demanded, no part of said sum has been paid by defendant(s) to plaintiff.

**AS AND FOR A SECOND CAUSE OF ACTION, PLAINTIFF ALLEGES:**

**FOURTH:** Repeats and re-alleges the allegations contained in paragraphs "FIRST" through "THIRD" above

**FIFTH:** An account has been stated between the parties; the plaintiff has rendered a true and accurate account to the defendant, who has received and retained same without due objection

WHEREFORE, plaintiff demands judgment against the defendant(s) in the sum of $3,328.48 with interest in the amount of $661.42, together with the costs and disbursements of this action.

Dated: September 15, 2009

                                                  Relin, Goldstein & Crane, LLP
                                                  Joseph M. Shur, Esq.
                                                  Attorneys for Plaintiff
                                                  Office & P. O. Box Address
                                                  28 East Main Street – Suite 1800
                                                  Rochester, NY 14614
                                                  (585) 325-6202

## ATTORNEY'S VERIFICATION BY AFFIRMATION

STATE OF NEW YORK
COUNTY OF MONROE) SS:

I, the undersigned, am an attorney admitted to practice in the courts of New York and that I am the attorney of record, or of counsel with the attorney(s) of record for plaintiff.

I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to alleged on information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: Correspondence, memoranda and statements of account in deponent's possession.

The reason I make this affirmation instead of plaintiff is because an officer of plaintiff is not within the County of Monroe and deponent is one of the attorneys for said corporation.

I affirm that the foregoing statements are true under penalties of perjury.

Date: September 15, 2009

Joseph M. Shur, Esq.
Relin, Goldstein & Crane, LLP
Attorneys at Law
28 East Main Street – Suite 1800
Rochester, New York 14614
(585) 325-6202