UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x          10 CIV 00395
                                                   (KMK)
KYLE J. MAXWELL, on behalf of himself
and all others similarly situated,


                        Plaintiff

            -against-

RELIN, GOLDSTEIN, & CRANE, LLP, and
JOHN AND JANE DOES NUMBERS 1 THROUGH 25,
SAID PERSONS BEING NAMED HEREIN AS THE
PERSONS WHO CONTROL THE POLICIES AND
PRACTICES INVOKED BY RELIN, GOLDSTEIN
& CRANE, LLP,

                        Defendants

----------------------------------------x

### MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT
### AGREEMENT BETWEEN THE ABOVE-NAMED PARTIES


        Plaintiff, Kyle J. Maxwell, by his attorney, Robert L. Arleo,
Esq., pursuant to Fed. R. Civ. P. 23, hereby moves that the Court
enter an order (1) certifying a settlement class, (2) preliminarily
approving a proposed settlement agreement with the above-named
Defendants, (3) directing notice to the class and (4) setting dates
for optouts, objections and a hearing pursuant to Fed. R. Civ. P.
23(b)(3). In support of their motion, Plaintiff states:


        1.    This class action was filed on January 19, 2010 by
representative Plaintiff Kyle J. Maxwell against the above-named
Defendants alleging purported violations of the federal Fair Debt
Collection Practices Act ("FDCPA").

2.    Counsel for the Plaintiff and Defendants have reviewed and analyzed the complex legal and factual issues present in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement from Defendants, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more appeals of procedural and substantive issues.

3.    Based upon these reviews and analyses, the Plaintiff and Defendants embarked upon and concluded comprehensive settlement discussions and executed the Class Settlement Agreement, a copy of which is attached.

4.    Pursuant to the Settlement Agreement, the Defendants will tender $5,000.00 (five thousand dollars) as a Cy Pres payment to the Legal Aid Society of Rockland County. Statutory damages of $1,000.00 will be paid to Kyle J. Maxwell. An additional payment of $1,500.00 will be paid to Kyle J. Maxwell for his services as class representative herein. Plaintiff's counsel, Robert L. Arleo, shall file a motion for his attorneys fees and costs advanced herein, said motion to be filed after entry of an Order of Final Approval of the herein Class Settlement Agreement.

5.    Pursuant to records produced by the Defendants to counsel for the Plaintiff, there are a total of 518 (five hundred eighteen) members in the class.

6.    The parties further agree that if more than 10% of the class members decide to opt out of the class, Defendants may revoke the Settlement Agreement.

7.    Counsel for the Plaintiff and proposed class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable and adequate, and would be in the best interest of the proposed class.

8.    The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Settlement Agreement without the admission as to either the merit of Plaintiff's claims or Defendants' defenses.

9.    In connection with the proposed settlement, the parties will move the Court to certify the following class for purposes of settlement only:

> All persons with addresses in the State of New York who, within one year prior to January 19, 2010 to the effective date of the order signed by the Court approving this class settlement, received a summons and complaint and attorney supporting affirmation in regard to lawsuits commenced by the law firm Relin, Goldstein & Crane, LLP based upon a consumer credit card issues by FIA Card Services, N.A. and/or the Bank of America.

WHEREFORE, Plaintiff Kyle J. Maxwell  moves that the Court enter an order (1) certifying a settlement class, (2) preliminarily approving a proposed settlement agreement with the Defendants, attached hereto as Exhibit A, (3) directing notice to

the class and (4) setting dates for optouts, objections and a
hearing pursuant to Fed. R. Civ. P. 23 (b)(3).

Respectfully submitted,

_____ / s / _____
ROBERT L. ARLEO
(RA 7506)

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x         10 CIV 00395
                                                (KMK)
KYLE J. MAXWELL, on behalf of himself
and all others similarly situated,


                        Plaintiff

                -against-

RELIN, GOLDSTEIN, & CRANE, LLP and JOHN
AND JANE DOES NUMBERS 1 THROUGH 25,
SAID PERSONS BEING NAMED HEREIN AS THE
PERSONS WHO CONTROL THE POLICIES AND
PRACTICES INVOKED BY RELIN, GOLDSTEIN
& CRANE, LLP,

                        Defendants

--------------------------------------x


## CLASS SETTLEMENT AGREEMENT

### RECITALS

     1.  **Parties**- The parties to this Agreement are
the above-named Defendants and Kyle J. Maxwell ("Plaintiff") and a
class of persons, with addresses in the State of New York who,
within one year prior to January 19, 2010 to the effective date of
the order signed by the Court approving this class settlement,
received a summons and complaint and attorney supporting
affirmation in regard to lawsuits commenced by the law firm Relin,
Goldstein & Crane, LLP based upon a consumer credit card issued by
FIA Card Services, N.A. and/or the Bank of America.

       **2.** **Nature of litigation**- Plaintiff filed an action in the United States District Court for the Southern District of New York, alleging class action claims. Plaintiff alleged that Defendants violated the FDCPA by using false, deceptive and misleading representations in attempts to collect alleged consumer credit card debts.

       **3.** **Denial of liability**- Defendants deny any liability to Plaintiff or to the class and have asserted a number of defenses to the complaint. Nevertheless, Defendants consider it desirable that the action and the claims alleged therein be settled upon the terms and conditions set forth in this Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by the Plaintiff or the class members against the Defendants.

       4.     The Plaintiff desires to settle his claims against Defendants, having taken into account through his counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

       5.     Defendant Relin, Goldstein & Crane, LLP has made certain representations to counsel for the class concerning the number of class members and has produced a document which lists

the names and addresses of each class member. Specifically, there
are 518 members of the class defined in number 10.

      6.   Counsel for the class has investigated the
facts available to him and the law.

      7.   Based upon the foregoing, and upon an
analysis of the benefits which this settlement agreement affords
the class, counsel for the class considers it to be in the best
interest of the class to enter this settlement agreement.

      8.   In consideration of the foregoing and
other good and valuable consideration, it is stipulated and agreed
by and between Kyle J. Maxwell and counsel for the class and
Defendants that the claims of the named Plaintiff and the class
against Defendants be and are hereby compromised and settled,
subject to the approval of the court, upon the following terms and
conditions.

**TERMS**

      **9.**   **Effective date**- This agreement shall
become effective (hereinafter the "Effective Date") upon the
occurrence of all of the following events:

      a.   The Court's entry of a final order
approving this agreement as fair, reasonable and adequate to the
class; finding that this agreement is fair and made in good faith,

dismissing the claims of the Plaintiff and the class members against Defendants with prejudice and without costs; and directing entry of a final order approving the settlement.

b.    The expiration of five days after the time the final order becomes a final order not subject to appeal, or, if an appeal has been sought, the expiration of five days after the final disposition of any such appeal, which disposition approves the court's final order, the transactions contemplated therein, and the consummation of the settlement in accordance with the terms and provisions of this agreement.

c.    Defendants do not exercise their right of revocation as set forth herein.

10.    **Certification of settlement class**- Defendants stipulate to the certification of a settlement class ("the class") under Fed. R. Civ. P. 23(b)(3), which class shall consist of all persons, with addresses in the State of New York, who, within one year prior to January 19, 2010 to the effective date of the order signed by the Court approving this class settlement, received a summons and complaint and attorney supporting affirmation in regard to lawsuits commenced by the law firm Relin, Goldstein & Crane, LLP based upon a consumer credit card issued by FIA Card Services, N.A. and/or the Bank of America. There are a total of 518 persons in the class, including Plaintiff (and counting multiple obligers as one person). This stipulation is for purposes of settlement only, and

if this settlement is not approved or does not become effective for any reason, Defendants retain their right to object upon all grounds specified in Fed. R. Civ. P. 23 the maintenance of the action as a class action.

11.  **Relief to class**- The Defendant Relin, Goldstein & Crane, LLP have alleged that their net worth is less than $10,000.00 (ten thousand dollars). Said amount was calculated using the "net equity", i.e. "book value", formula by a Certified Public Accountant. There 518 class members. Pursuant to the mandates set forth in the Fair Debt Collection Practices Act, recovery in a class action is limited to the lesser of $500,000.00 (Five Hundred Thousand Dollars) or 1% of the collectors net worth. Based upon this mandate, payment to each class members would be de minimis. Based upon this fact, payment to each class member would not prove feasible. Therefore, and notwithstanding the net worth of the Defendant Relin, Goldstein & Crane, LLP, the Plaintiffs and Defendants have agreed upon a "cy pres" distribution of the total amount payable to the class. Defendants have agreed to pay $5,000.00. Plaintiff has designated The Legal Aid Society of Rockland County as the receipt of the cy pres payment.

12.  **Relief to Kyle J. Maxwell**- In addition to the forgoing, Defendants will pay $1,000.00 to Kyle J. Maxwell as statutory damages and $1,500.00 for his services as class representative.

13.    Defendants shall make payments to Kyle J. Maxwell and to  upon the Effective Date. Upon delivery of the settlement funds to Plaintiff's counsel, Plaintiff's counsel agrees to indemnify and hold Defendants, their agents, servants, employees, attorneys and insurers harmless with respect to all claims relating to the distribution of the cy pres settlement funds.

14.    **Release**- Except for the costs advanced by class counsel and the  attorney's fees which may be due to him after a motion for costs and fees is filed and ultimately determined by the Court, the named Plaintiff and each class member not opting out shall, as of the Effective Date, be deemed to release and discharge forever Defendants and it's heirs, the current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, and employees ("Released Parties"), from all claims, controversies, actions, causes of actions, demands, torts, damages, moneys due on account, obligations, judgements, alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et. seq. or liabilities of any kind whatsoever in law or equity, arising out of agreement or imposed by federal or state statute, common law or otherwise, from the beginning of time to the date this Agreement is signed, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not. This release is conditioned upon the performance by Defendants of their obligations towards the class members set forth in this settlement

agreement.

15.     If this agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

16.     In consideration of this settlement and in furtherance of Plaintiff's counsel's obligations to preserve the integrity of this class, Plaintiff's counsel Robert L. Arleo affirms that he recognizes his responsibility not to directly or indirectly represent any class member who opts out in accordance with this agreement in any claim or suit against Defendants.

**17.     Attorney's Fees, Costs and Related Matters**- In addition to the benefits described above, the Defendants shall also pay the costs of effecting regular mail notice to each of the 518 class members. Plaintiff's counsel, Robert L. Arleo, shall file a motion for his attorneys fees and costs advanced herein, said motion to be filed after entry of an Order of Final Approval of the herein Class Settlement Agreement.

**18.     Notice**-    Class counsel will give notice by regular mail to each class member, sent via first class postage from a United States Post Office facility.

19.   **Maximum Payment by Defendants**- In no event shall the total payments of Defendants under the agreement exceed $7,500.00 (seven thousand five hundred dollars) exclusive of a) the costs associated with effecting regular mail notice to the class and; b) the monetary amount of attorneys fees and costs which may be awarded to Robert L. Arleo, counsel for the Plaintiff.

20.   **Class Members' Right of Exclusion**- Any class member may seek to be excluded from this settlement agreement and from the class within the time and the manner provided by Court order. Any class member so excluded shall not be bound by the terms of this settlement agreement nor be entitled to any of its benefits. Should more than 10% of the class members decide to opt-out of this action, Defendants may revoke this Settlement.

21.   **Preliminary Approval**- As soon as practical after the execution of this agreement, the parties shall make application to the Court for an order which:

a. Preliminarily approves this settlement agreement.

b. Certifies for the purposes of settlement only that the class claims may be maintained on behalf of the class defined above.

c. Approves the form of mail notice to the class,

d. Finds that said mail notice is the only

notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

22.   The parties agree to request the form of notice attached to the Motion For Preliminary Approval Of Class Settlement Agreement ("Motion") as Exhibit D and proposes the form of Preliminary Approval Order attached to the Motion as Exhibit B. The fact that the Court may require changes in the notice or order does not invalidate this settlement agreement.

23.   **Final approval**- At the conclusion of, or as soon as practicable after the close of the hearing on the fairness, reasonableness and adequacy of this agreement, counsel for the class and Defendants shall request that the Court enter a Final Order approving the terms of this agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the class satisfies the requirements of due process and Rule 23, dismissing the claims of the named Plaintiffs and the class with prejudice and without costs, directing the entry of a final order, and retaining jurisdiction to enforce the provisions of this agreement.

24.   The parties agree to request the form of final order attached to the Motion as Exhibit C. The fact that the Court may require changes in the judgement does not invalidate this settlement agreement.

**25.   Miscellaneous provisions**- Whether or not this
Agreement   and   the   settlement   contemplated   hereunder   are
consummated, this agreement and the proceedings had in connection
herewith shall in no event be construed as, or be deemed to be,
evidence of an admission or concession on the part of Defendants of
any liability or wrongdoing whatsoever.

26.   The parties and their attorneys agree to cooperate
fully with one another in seeking Court approval of this agreement,
and to use their best efforts to effect the consummation of this
agreement and the settlement provided for herein.

27.   The foregoing constitutes the entire agreement
between the parties with regard to the subject matter hereof and
may not be modified or amended except in writing, signed by all
parties hereto, and approved by the Court.

28.   This settlement agreement may be executed in
counterparts, in which case the various counterparts shall be said
to constitute one instrument for all purposes. The several
signature pages may be collected and annexed to one or more
documents to form a complete counterpart. Photocopies of executed
copies of this settlement agreement may be treated as originals.

29.   Each and every term of this settlement agreement
shall be binding upon and inure to the benefit of Plaintiff, the
members of the class, and any of their successors and personal

representatives, and shall be bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this settlement agreement.

30.    This agreement shall be governed by and interpreted in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on March 24, 2010.

For Plaintiff and the class and for
Robert L. Arleo, with respect to the
release of attorney's lien:

Kyle J. Maxwell

Robert L. Arleo
164 Sunset Park Road
Haines Falls, New York 12436
(518) 589-5264

For Defendants

Joseph M. Shur
For Relin, Goldstein & Crane, LLP

HISCOCK & BARCLAY, LLP

By: Dennis McCoy, Esq.
    Attorneys for Defendants

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x          10 CIV 00395
                                               (KMK)
KYLE J. MAXWELL, on behalf of himself
and all others similarly situated,


                    Plaintiff

          -against-


RELIN, GOLDSTEIN, & CRANE, LLP, and
JOHN AND JANE DOES NUMBERS 1 THROUGH 25,
SAID PERSONS BEING NAMED HEREIN AS THE
PERSONS WHO CONTROL THE POLICIES AND
PRACTICES INVOKED BY RELIN, GOLDSTEIN
& CRANE, LLP,

                    Defendants

------------------------------------x


## PRELIMINARY APPROVAL ORDER


          This matter coming before the Court on the joint request

of Kyle J. Maxwell  ("Plaintiff") and the above-named Defendants

for preliminary approval of a classwide settlement agreement, and

the Court being duly advised in the premises, IT IS HEREBY ORDERED:


          1.    The Court certifies solely for the purposes of

settlement, pursuant to Fed. R. Civ. P. 23(b)(3), a class of all

persons with addresses within the State of New York who, within one

year prior to January 19, 2010 to the effective date of the order

signed by the Court approving this class settlement, received a

summons and complaint and attorney supporting affirmation in regard
to lawsuits commenced by the law firm Relin, Goldstein & Crane, LLP
based upon a consumer credit card issued by FIA Card Services, N.A.
and or the Bank of America. In the event that the agreement is not
finally approved by the Court or is revoked by Defendants, this
Order of Court will be vacated and Defendants shall maintain the
right to oppose certification of a class upon all legally
cognizable grounds.

2.    The Court finds, based on the parties' stipulations
only for the purpose of settlement:

a.    The class is sufficiently numerous
that joinder is impracticable. There are 518  persons in the class
as defined above.

b.    Common questions of fact and law
predominate over any questions affecting only individual class
members. The common questions concern the alleged use by Defendant
Relin, Goldstein & Crane, LLP of false, deceptive and misleading
means when attempting to collect consumer credit card debts.

c.    Plaintiff is an appropriate
and adequate representative for the class.

d.    A class action is a superior method
for the fair and efficient adjudication of the claims of the class.

3.    The Court finds that the proposed settlement is
within the range of fairness and reasonableness and grants
preliminary approval to it.

4.    A hearing on the fairness and reasonableness of the settlement agreement and whether final approval shall be given to it and the request for fees and expenses by counsel for the class will be held before this Court on        , 2010 at 9:30 a.m.

5.    The Court approves the proposed form on notice to the class. Within ten (10) days of the date of this Order, Plaintiffs' counsel will cause notice to be sent to each class member via regular mail sent from a United States Post Office facility.

6.    The Court finds that the mail notice described in paragraph 5 is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

7.    Class members shall have thirty (30) days from the date of this Order to opt out or object to the proposed settlement. Any class member whose desires to exclude themselves from the action must file a request for exclusion with the Clerk of the United States District Court for the Southern District of New York and serve copies of the request on counsel for both Defendants and Plaintiff by that date. Any class member who wishes to object to the settlement must submit an objection in writing to the Clerk of the Southern District Court and serve copies of the objection on counsel for both Defendants and Plaintiff by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court

should find that the proposed settlement is not in the best interests of the class. Objectors must also appear at the hearing on the fairness of the settlement.

8.    Should more than 10% of the class members decide to opt-out of this action, Defendants may revoke this Settlement. Entered:

                                        _____
                                        Kenneth M. Karas
                                        United States District
                                        Judge

DATE:    _____

## EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x          10 CIV 00395
                                               (KMK)

KYLE J. MAXWELL, on behalf of himself
and all others similarly situated,

Plaintiff

-against-

RELIN, GOLDSTEIN, & CRANE, LLP, and
JOHN AND JANE DOES NUMBERS 1 THROUGH 25,
SAID PERSONS BEING NAMED HEREIN AS THE
PERSONS WHO CONTROL THE POLICIES AND
PRACTICES INVOKED BY RELIN, GOLDSTEIN
& CRANE, LLP,

Defendants

------------------------------------x

## FINAL ORDER

On _____, 2010 this  Court preliminarily
approved the  settlement  reached  between  Kyle  J.  Maxwell
("Plaintiff") and the above-named Defendants. The Court approved a
form of regular notice to the class. The Court is informed that of
a total of _____ () class members (counting couples and
other joint obligers as a single class member), opted out (number)
objections were filed or received.

On (date), the Court held a fairness hearing to which
members of the class, including any with objections, were invited.
The Court, being fully advised in the premises, hereby orders:

1.    The Court certifies for the purposes of

settlement, pursuant to Fed. R. Civ. P. 23(b)(3), a class of all persons with addresses within the State of New York who, within one year prior to January 19, 2010 to the effective date of the order signed by the Court approving this class settlement, received a summons and complaint and attorney supporting affirmation in regard to lawsuits commenced by the law firm Relin, Goldstein & Crane, LLP based upon a consumer credit card issued by FIA card Services, N.A. and/or the Bank of America.

2. The Court finds based upon the stipulations of the parties, for settlement purposes only:

a.    The class is sufficiently numerous that joinder is impracticable. There are 518 persons in the class as defined above.

b.    Common questions of fact and law predominate over any questions affecting any individual class members. The common questions concern the alleged use by the Defendants of false, deceptive and misleading means when attempting to collect alleged consumer credit card debts.

c.    Plaintiff is an appropriate and adequate representative for the class.

d.    A class action is a superior method for the fair and efficient adjudication of the claims of the class.

3.    The Court finds that the provisions for notice to the class satisfies the requirements of Fed. R. Civ. P. 23 and due process.

4. The Court finds that the settlement is fair and and reasonable and approves it. The parties are directed to implement the settlement in accordance with its terms.

5. Except for the costs advanced by class counsel and the attorney's fees which may be due to him after a motion for costs and fees is filed and ultimately determined by the Court, each class member other than (list optouts) shall, as of the effective date of this settlement, be deemed to release and discharge forever Defendants and their heirs, current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, and employees, attorneys and insurers ("Released Parties"), from all claims, controversies, actions, causes of actions, demands, torts, damages, moneys due on account, obligations, judgments, alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et. seq. or liabilities of any kind whatsoever in law or equity, arising out of agreement or imposed by federal or state statute, common law or otherwise, from the beginning of time to the date this Agreement is signed, whether or not known, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not. This release is conditioned upon the performance by Defendants of their obligations toward the class members set forth in this settlement agreement.

6. The Court finds that the settlement agreement is fair and made in good faith.

7.   The Court dismisses the claims of Plaintiff and the class against Defendants and the Released Parties (as defined in the settlement agreement) with prejudice and without cost.

8.   The Court retains jurisdiction over the interpretation, enforcement and implementation of the settlement agreement and this Order.

Enter:

_____
Kenneth M. Karas
United States District
Judge

DATED: _____

**EXHIBIT D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x          10 CIV 00395
                                                (KMK)
KYLE J. MAXWELL, on behalf of himself
and all others similarly situated,


                    Plaintiff

          -against-


RELIN, GOLDSTEIN, & CRANE, LLP, and
JOHN AND JANE DOES NUMBERS 1 THROUGH 25,
SAID PERSONS BEING NAMED HEREIN AS THE
PERSONS WHO CONTROL THE POLICIES AND
PRACTICES INVOKED BY RELIN, GOLDSTEIN
& CRANE, LLP,

                    Defendants

-------------------------------------x


### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

TO:   All persons, with addresses in the State of New York,
      who, within one year prior to January 19, 2010 to the
      effective date of the order signed by the Court approving
      this class settlement, received a summons and complaint
      and attorney supporting affirmation in regard to lawsuits
      commenced by the law firm Relin, Goldstein & Crane, LLP
      based upon a consumer credit card issued by FIA Card
      Services, N.A. and/or the Bank of America.

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

               THIS IS <u>NOT</u> A NOTICE OF A
               LAWSUIT AGAINST YOU. YOU MAY
               BENEFIT FROM READING THIS NOTICE.

### WHAT THIS LAWSUIT IS ABOUT

          Kyle J. Maxwell filed an action in the United States
District Court for the Southern District of New York, alleging
class action claims against the above-named Defendants.

On behalf of a class, Plaintiff alleged that Defendants, while attempting to collect alleged personal credit card debts improperly used false, deceptive and misleading means while attempting to collect said credit card debts, all in violation of the Fair Debt Collection Practices Act ("FDCPA").

Defendants have denied liability and have raised a number of defenses. The Court has not made any decision concerning the merits of the lawsuit.

Defendants have negotiated a proposed settlement.

On , 2010 Judge Kenneth M. Karas (i) determined that this action should proceed as a class action with respect to the claims of the class described above against Defendants, for purposes of settlement only, with Plaintiff as the representative of the class, and (ii) granted preliminary approval of the settlement, subject to a fairness hearing which will take place on , 2010 at   a.m.  in Court Room 521 of the United States District Court, Southern District of New York, 300 Quaroppas Street, White Plains, New York.

This notice explains the nature of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations.

## NO ADMISSION OF LIABILITY

By settling this lawsuit, Defendants are not admitting that they have done anything wrong. Defendants deny any wrongdoing.

## THE PROPOSED SETTLEMENT

The attorneys for the class believe that this settlement is fair, reasonable, and in the best interests of the class members. The terms of the settlement are as follows:

1. **Payment to each class member**–   No direct payment will be tendered to any individual class member. Based upon limitations set forth in the FDCPA (see page 3 below), the Defendant Relin, Goldstein & Crane, LLP have alleged that their net worth is less than $10,000.00 (ten thousand dollars). Said amount was calculated using the "net equity", i.e. "book value", formula by a Certified Public Accountant. There 518 class members. Pursuant to the mandates set forth in the Fair Debt Collection Practices Act, recovery in a class action is limited to the lesser of $500,000.00 (Five Hundred Thousand Dollars) or 1% of the collectors net worth. Based upon this mandate, payment to each class members would be de minimis. Based upon this fact, payment to each class member would not prove feasible. Therefore, and notwithstanding the net worth of the Defendant Relin, Goldstein & Crane, LLP, the Plaintiffs and Defendants have agreed upon a "cy pres" distribution of the total amount payable to the class. Defendants have agreed to pay

$5,000.00. Plaintiff has designated The Legal Aid Society of Rockland County as the receipt of the cy pres payment. In addition, Plaintiff Kyle J. Maxwell will receive $1,000.00 (one thousand dollars) in statutory damages and $1,500.00 (one thousand five hundred dollars) for his services as class representative.

**2.    Release**- The named Plaintiff and each class member not opting out shall, as of the effective date of this settlement, be deemed to release and discharge forever Defendants and their heirs, their current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, attorneys, insurers and employees ("Released Parties"), from all claims, controversies, actions, causes of actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgements, alleged violations of the Fair Debt Collection Practices Act, 1. U.S.C. section 1692 et. seq. or liabilities of any kind whatsoever in law or equity, arising out agreement or imposed by federal or state statute, common law or otherwise, from the beginning of time to the date this Agreement is signed, whether or not known now anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not. This release is conditioned upon the performance by Defendants of it's obligations toward the class members set forth in this settlement agreement.

**3.    Attorney's Fees and Expenses**- In addition to the benefits described above, Plaintiff's counsel, Robert L. Arleo, shall file a motion for his attorneys fees and costs advanced herein, said motion to be filed after entry of an Order of Final Approval of the herein Class Settlement Agreement. None of the fees or expenses will come out of the cy pres payment or payment to the named Plaintiff as set forth above.

## OPINION OF CLASS COUNSEL CONCERNING THE VALUE OF THE SETTLEMENT

The complaint in this case alleges that the use of false deceptive and misleading means when attempting to collect consumer credit card debts violated the FDCPA.

In a FDCPA class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) a penalty, in such amount as the Court shall assess, based upon the culpability of the Defendants' conduct and the amount of harm caused by the Defendant. The penalty cannot in any event exceed the smaller of $500,000.00 (five hundred thousand dollars) or 1% of the defendant's net worth.

If these violations were established in an individual action, the borrower would have a right to recover a penalty in the amount of $0.00 up to $1,000.00 and any actual damages. Of course, you would only have these rights if you prevail, which cannot be assured.

Class counsel believes that the payment provided for by this settlement is fair and reasonable and that the class members should accept this settlement. While one might recover more in an individual case, _if_ it is brought and is successful, individual suits under the FDCPA are sometimes not economical. In addition, Defendants have denied that they have violated the FDCPA, and the Court has not ruled on the merits of the suit. A person that elects to opt out of the action might recover nothing.

You do not have to do anything further _if you do not wish to object to this settlement or if you do not wish to opt out of this settlement_. If you have any questions regarding this settlement please contact:

Robert L. Arleo, Esq.
164 Sunset Park Road
Haines Falls, New York 12436
PHONE-(518) 589-4061
E-MAIL- R. Arleo@verizon.net
(attorney for the Plaintiff and the class)

### FAIRNESS HEARING

On  at  a.m. a hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement. **The hearing will take place before Judge Kenneth M. Karas in Court Room 521 of the United States District Court, Southern District of New York, 300 Quaroppas Street, White Plains, New York.**

### WHAT CAN YOU DO

1.    You have the _right to exclude yourself_ from both the class action and the settlement by filing a request for exclusion with the Clerk of the United States District Court for the Southern District of New York on the 1st Floor of the District Court,, New York and serving a copy of this request upon Robert L. Arleo, Esq. at his law office address listed above. The request for exclusion must be **received by the Clerk of the Court** on or before  2010 and refer to the name and number of the case. Unless you plan to bring this claim on an individual basis, there is no benefit to excluding yourself.

2.    _If you do not wish to exclude yourself_, and _have no objection to the settlement_, it is not necessary for you to take any action.

3.    _If you do object to the settlement, but do not wish to simply exclude yourself from the class action_, you must submit your objection in writing to the Clerk of the District Court of the

United States District Court, Southern District of New York, 300
Quaroppas Street, White Plains, New York. **The objection must be
received by the Clerk of the Court on or before , 2010.** You must
also serve copies on the following attorneys by the same date:

Robert L. Arleo, Esq.                    Hiscock & Barclay

164 Sunset Park Road                     1100 M&T Center
Haines Falls, New York                   3 Fountain Plaza
12436                                    Buffalo, New York   14203
PHONE-  (518) 589-4061                   PHONE- (716) 566-????
                                         FAX-   (914) 323-7001
Attorney for the Plaintiff               Attorneys for the Defendants
and the class

Any objection must include the name and number of the case and a
statement of the reasons why you believe that the Court should find
that the proposed settlement is not in the best interests of the
class. If you do file an objection and wish it to be considered,
you must also appear at the hearing before Judge Karas on (date).
Please note that it is not sufficient to simply state that you
object. You must state reasons why the settlement should not be
approved.

        **IMPORTANT: THE COURT REQUIRES THAT ANY REQUESTS FOR
EXCLUSION OR OBJECTIONS BE RECEIVED BY THE CLERK BY ,2010. IF YOU
MAIL A REQUEST FOR EXCLUSION OR OBJECTION, YOU BEAR THE RISK OF ANY
PROBLEM WITH THE MAILS.**

        If the settlement is not approved, the case will proceed as
if no settlement has been attempted. Defendants retains their
rights to contest whether this case should be maintained as a class
action and the merits.  **There can be no assurance that if the
settlement is not approved, the class will recover more than is
provided in this settlement.**

        This description of the case is general and does not cover
all of the issues and proceedings thus far. In order to see the
complete file, you should visit the office of the Clerk of the
United States District Court, Southern District of New York, 300
Quaroppas Street, White Plains, New York . The Clerk will make the
files relating to this lawsuit available to you for inspection and
copying at your own expense.

                        **WHAT YOU SHOULD KNOW**

        If you wish, you may consult with an attorney (at your
expense), exclude yourself from the case, or file objections, as

described above. You also have the right to file an appearance in the case if you wish.

     This notice is only a summary of the terms of the settlement. You may inspect the entire settlement agreement.

     IF YOU RECEIVED A DISCHARGE OF YOUR DEBT IN CHAPTER 7 BANKRUPTCY, this notice does not effect your discharge. IF YOU ARE CURRENTLY A DEBTOR IN CHAPTER 13 BANKRUPTCY, send a copy of this notice to your bankruptcy attorney.

     **DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE**. They are not permitted to answer your questions.