**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x      10 CIV. 00395
                                                (KMK) (GAY)
KYLE J. MAXWELL, on behalf of himself
and all others similarly situated,

                        Plaintiff

        -against-

RELIN, GOLDSTEIN, & CRANE, LLP, and
JOHN AND JANE DOES NUMBERS 1 THROUGH 25,
SAID PERSONS BEING NAMED HEREIN AS THE
PERSONS WHO CONTROL THE POLICIES AND
PRACTICES INVOKED BY RELIN, GOLDSTEIN
& CRANE, LLP,

                        Defendants
----------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

**PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the joint request of Kyle J. Maxwell ("Plaintiff") and the above-named Defendants for preliminary approval of a classwide settlement agreement, and the Court being duly advised in the premises, IT IS HEREBY ORDERED:

1.   The Court certifies solely for the purposes of settlement, pursuant to Fed. R. Civ. P. 23(b)(3), a class of all persons with addresses within the State of New York who, within one year prior to January 19, 2010 to the effective date of the order signed by the Court approving this class settlement, received a

Case 7:10-cv-00395-GAY   Document 17   Filed 09/08/10   Page 2 of 4
Jul 19 10 10:22a                                                                                    p.17
Case 7:10-cv-00395-KMK   Document 14   Filed 07/19/2010   Page 17 of 29

summons and complaint and attorney supporting affirmation in regard to lawsuits commenced by the law firm Relin, Goldstein & Crane, LLP based upon a consumer credit card issued by FIA Card Services, N.A. and or the Bank of America. In the event that the agreement is not finally approved by the Court or is revoked by Defendants, this Order of Court will be vacated and Defendants shall maintain the right to oppose certification of a class upon all legally cognizable grounds.

2. The Court finds, based on the parties' stipulations only for the purpose of settlement:

a. The class is sufficiently numerous that joinder is impracticable. There are 518 persons in the class as defined above.

b. Common questions of fact and law predominate over any questions affecting only individual class members. The common questions concern the alleged use by Defendant Relin, Goldstein & Crane, LLP of false, deceptive and misleading means when attempting to collect consumer credit card debts.

c. Plaintiff is an appropriate and adequate representative for the class.

d. A class action is a superior method for the fair and efficient adjudication of the claims of the class.

3. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

4. A hearing on the fairness and reasonableness of the settlement agreement and whether final approval shall be given to it and the request for fees and expenses by counsel for the class will be held before this Court on October 27, 2010 at 9:00 a.m.

5. The Court approves the proposed form on notice to the class. Within ten (10) days of the date of this Order, Plaintiffs' counsel will cause notice to be sent to each class member via regular mail sent from a United States Post Office facility.

6. The Court finds that the mail notice described in paragraph 5 is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

7. Class members shall have thirty (30) days from the date of this Order to opt out or object to the proposed settlement. Any class member whose desires to exclude themselves from the action must file a request for exclusion with the Clerk of the United States District Court for the Southern District of New York and serve copies of the request on counsel for both Defendants and Plaintiff by that date. Any class member who wishes to object to the settlement must submit an objection in writing to the Clerk of the Southern District Court and serve copies of the objection on counsel for both Defendants and Plaintiff by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court

should find that the proposed settlement is not in the best interests of the class. Objectors must also appear at the hearing on the fairness of the settlement.

8. Should more than 10% of the class members decide to opt-out of this action, Defendants may revoke this Settlement.

Entered:   *SO ORDERED*

_____
Kenneth M. Karas / George A. Yanthis
United States ~~District~~ Magistrate
Judge

DATE: September 7, 2010
White Plains, NY