**EXHIBIT D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x    10 CIV 00395
                                         (KMK)
KYLE J. MAXWELL, on behalf of himself
and all others similarly situated,

                         Plaintiff

            -against-

RELIN, GOLDSTEIN, & CRANE, LLP, and
JOHN AND JANE DOES NUMBERS 1 THROUGH 25,
SAID PERSONS BEING NAMED HEREIN AS THE
PERSONS WHO CONTROL THE POLICIES AND
PRACTICES INVOKED BY RELIN, GOLDSTEIN
& CRANE, LLP,

                         Defendants

------------------------------------x



NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

TO:   All persons, with addresses in the State of New York,
      who, within one year prior to January 19, 2010 to the
      effective date of the order signed by the Court approving
      this class settlement, received a summons and complaint
      and attorney supporting affirmation in regard to lawsuits
      commenced by the law firm Relin, Goldstein & Crane, LLP
      based upon a consumer credit card issued by FIA Card
      Services, N.A. and/or the Bank of America.

NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

THIS IS **NOT** A NOTICE OF A
LAWSUIT AGAINST YOU. YOU MAY
BENEFIT FROM READING THIS NOTICE.

WHAT THIS LAWSUIT IS ABOUT

      Kyle J. Maxwell filed an action in the United States
District Court for the Southern District of New York, alleging
class action claims against the above-named Defendants.

Case 7:10-cv-00395-GAY   Document 18   Filed 09/08/10   Page 2 of 6
Jul 19 10 10:26a                                                          p.25
Case 7:10-cv-00395-KMK   Document 14   Filed 07/19/2010   Page 25 of 29

On behalf of a class, Plaintiff alleged that Defendants, while attempting to collect alleged personal credit card debts improperly used false, deceptive and misleading means while attempting to collect said credit card debts, all in violation of the Fair Debt Collection Practices Act ("FDCPA").

Defendants have denied liability and have raised a number of defenses. The Court has not made any decision concerning the merits of the lawsuit.

Defendants have negotiated a proposed settlement.

On , 2010 Judge Kenneth M. Karas (i) determined that this action should proceed as a class action with respect to the claims of the class described above against Defendants, for purposes of settlement only, with Plaintiff as the representative of the class, and (ii) granted preliminary approval of the settlement, subject to a fairness hearing which will take place on , 2010 at  a.m. in Court Room 521 of the United States District Court, Southern District of New York, 300 Quaroppas Street, White Plains, New York.

This notice explains the nature of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations.

## NO ADMISSION OF LIABILITY

By settling this lawsuit, Defendants are not admitting that they have done anything wrong. Defendants deny any wrongdoing.

## THE PROPOSED SETTLEMENT

The attorneys for the class believe that this settlement is fair, reasonable, and in the best interests of the class members. The terms of the settlement are as follows:

1. **Payment to each class member**- No direct payment will be tendered to any individual class member. Based upon limitations set forth in the FDCPA (see page 3 below), the Defendant Relin, Goldstein & Crane, LLP have alleged that their net worth is less than $10,000.00 (ten thousand dollars). Said amount was calculated using the "net equity", i.e. "book value", formula by a Certified Public Accountant. There 518 class members. Pursuant to the mandates set forth in the Fair Debt Collection Practices Act, recovery in a class action is limited to the lesser of $500,000.00 (Five Hundred Thousand Dollars) or 1% of the collectors net worth. Based upon this mandate, payment to each class members would be de minimis. Based upon this fact, payment to each class member would not prove feasible. Therefore, and notwithstanding the net worth of the Defendant Relin, Goldstein & Crane, LLP, the Plaintiffs and Defendants have agreed upon a "cy pres" distribution of the total amount payable to the class. Defendants have agreed to pay

Case 7:10-cv-00395-GAY   Document 18   Filed 09/08/10   Page 3 of 6
Jul 19 10 10:26a                                                                    p.26
Case 7:10-cv-00395-KMK   Document 14   Filed 07/19/2010   Page 26 of 29

$5,000.00. Plaintiff has designated The Legal Aid Society of Rockland County as the receipt of the cy pres payment. In addition, Plaintiff Kyle J. Maxwell will receive $1,000.00 (one thousand dollars) in statutory damages and $1,500.00 (one thousand five hundred dollars) for his services as class representative.

2. **Release**- The named Plaintiff and each class member not opting out shall, as of the effective date of this settlement, be deemed to release and discharge forever Defendants and their heirs, their current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, attorneys, insurers and employees ("Released Parties"), from all claims, controversies, actions, causes of actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgements, alleged violations of the Fair Debt Collection Practices Act, 1. U.S.C. section 1692 et. seq. or liabilities of any kind whatsoever in law or equity, arising out agreement or imposed by federal or state statute, common law or otherwise, from the beginning of time to the date this Agreement is signed, whether or not known now anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not. This release is conditioned upon the performance by Defendants of it's obligations toward the class members set forth in this settlement agreement.

3. **Attorney's Fees and Expenses**- In addition to the benefits described above, Plaintiff's counsel, Robert L. Arleo, shall file a motion for his attorneys fees and costs advanced herein, said motion to be filed after entry of an Order of Final Approval of the herein Class Settlement Agreement. None of the fees or expenses will come out of the cy pres payment or payment to the named Plaintiff as set forth above.

**OPINION OF CLASS COUNSEL CONCERNING THE VALUE OF THE SETTLEMENT**

The complaint in this case alleges that the use of false deceptive and misleading means when attempting to collect consumer credit card debts violated the FDCPA.

In a FDCPA class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) a penalty, in such amount as the Court shall assess, based upon the culpability of the Defendants' conduct and the amount of harm caused by the Defendant. The penalty cannot in any event exceed the smaller of $500,000.00 (five hundred thousand dollars) or 1% of the defendant's net worth.

If these violations were established in an individual action, the borrower would have a right to recover a penalty in the amount of $0.00 up to $1,000.00 and any actual damages. Of course, you would only have these rights if you prevail, which cannot be assured.

Jul 19 10 10:26a   p.27

Case 7:10-cv-00395-GAY   Document 18   Filed 09/08/10   Page 4 of 6
Case 7:10-cv-00395-KMK   Document 14   Filed 07/19/2010   Page 27 of 29

Class counsel believes that the payment provided for by this settlement is fair and reasonable and that the class members should accept this settlement. While one might recover more in an individual case, _if_ it is brought and is successful, individual suits under the FDCPA are sometimes not economical. In addition, Defendants have denied that they have violated the FDCPA, and the Court has not ruled on the merits of the suit. A person that elects to opt out of the action might recover nothing.

You do not have to do anything further <u>if you do not wish to object to this settlement or if you do not wish to opt out of this settlement</u>. If you have any questions regarding this settlement please contact:

Robert L. Arleo, Esq.
164 Sunset Park Road
Haines Falls, New York 12436
PHONE-(518) 589-4061
E-MAIL- R. Arleo@verizon.net
(attorney for the Plaintiff and the class)

### FAIRNESS HEARING

On _October 27, 2010_ at _9:00_ a.m. a hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement. **The hearing will take place before Judge _George A. Yanth_ ~~Kenneth M. Karas~~ in Court Room 421 of the United States District Court, Southern District of New York, 300 Quaroppas Street, White Plains, New York.**

### WHAT CAN YOU DO

1. You have the <u>right to exclude yourself</u> from both the class action and the settlement by filing a request for exclusion with the Clerk of the United States District Court for the Southern District of New York on the 1st Floor of the District Court,, New York and serving a copy of this request upon Robert L. Arleo, Esq. at his law office address listed above. The request for exclusion must be **received by the Clerk of the Court** on or before 2010 and refer to the name and number of the case. Unless you plan to bring this claim on an individual basis, there is no benefit to excluding yourself.

2. <u>If you do not wish to exclude yourself</u>, and <u>have no objection to the settlement</u>, it is not necessary for you to take any action.

3. <u>If you do object to the settlement, but do not wish to simply exclude yourself from the class action</u>, you must submit your objection in writing to the Clerk of the District Court of the

Jul 19 10 10:27a

Case 7:10-cv-00395-GAY   Document 18   Filed 09/08/10   Page 5 of 6
p.28
Case 7:10-cv-00395-KMK   Document 14   Filed 07/19/2010   Page 28 of 29

United States District Court, Southern District of New York, 300 Quaroppas Street, White Plains, New York. **The objection must be received by the Clerk of the Court on or before \ 2010**. You must also serve copies on the following attorneys by the same date:

October 20, 2010

Robert L. Arleo, Esq.

164 Sunset Park Road
Haines Falls, New York
12436
PHONE- (518) 589-4061

Attorney for the Plaintiff
and the class

Hiscock & Barclay

1100 M&T Center
3 Fountain Plaza
Buffalo, New York   14203
PHONE- (716) 566-????
FAX-    (914) 323-7001
Attorneys for the Defendants

Any objection must include the name and number of the case and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the class. If you do file an objection and wish it to be considered, you must also appear at the hearing before Judge Karas on (date). Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

**IMPORTANT: THE COURT REQUIRES THAT ANY REQUESTS FOR EXCLUSION OR OBJECTIONS BE RECEIVED BY THE CLERK BY ,2010. IF YOU MAIL A REQUEST FOR EXCLUSION OR OBJECTION, YOU BEAR THE RISK OF ANY PROBLEM WITH THE MAILS.**

If the settlement is not approved, the case will proceed as if no settlement has been attempted. Defendants retains their rights to contest whether this case should be maintained as a class action and the merits. **There can be no assurance that if the settlement is not approved, the class will recover more than is provided in this settlement.**

This description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, you should visit the office of the Clerk of the United States District Court, Southern District of New York, 300 Quaroppas Street, White Plains, New York . The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

### WHAT YOU SHOULD KNOW

If you wish, you may consult with an attorney (at your expense), exclude yourself from the case, or file objections, as

Case 7:10-cv-00395-GAY   Document 18   Filed 09/08/10   Page 6 of 6
Jul 19 10 10:27a                                                              p.29
Case 7:10-cv-00395-KMK   Document 14   Filed 07/19/2010   Page 29 of 29

described above. You also have the right to file an appearance in the case if you wish.

This notice is only a summary of the terms of the settlement. You may inspect the entire settlement agreement.

IF YOU RECEIVED A DISCHARGE OF YOUR DEBT IN CHAPTER 7 BANKRUPTCY, this notice does not effect your discharge. IF YOU ARE CURRENTLY A DEBTOR IN CHAPTER 13 BANKRUPTCY, send a copy of this notice to your bankruptcy attorney.

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.** They are not permitted to answer your questions.