UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x 10 CIV 00395
                                                              (KMK)(GAY)

KYLE J. MAXELL, on behalf of himself and all
others similarly situated,

                Plaintiff

                -against-

RELIN, GOLDSTEIN & CRANE, LLP and JOHN
AND JANE DOES NUMBERS 1 THROUGH 25,
SAID PERSONS BEING NAMED HEREIN AS THE
PERSONS WHO CONTROL THE POLICIES AND
PRACTICES INVOKED BY RELIN, GOLDSTEIN
& CRANE, LLP,

                Defendants

------------------------------------------------------------x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## FINAL ORDER

On September 7, 2010, this Court preliminarily approved the settlement reached between Kyle J. Maxwell ("Plaintiff") and the above-named Defendants. The Court approved a form of regular mail notice to the class. The Court is informed that a total of one (1) class member (counting couples and other joint obligers as a single class member), opted out. That same class member filed the only objection with the Clerk of the Court.

On October 27, 2010, the Court held a fairness hearing to which members of the class, including any with objections, were invited. The Court, being fully advised in the premises, hereby orders:

    1. The Court certifies for the purposes of settlement, pursuant to Fed. R. Civ. P. 23(b)(3), a class of all persons with addresses within the State of New York who,

within one year prior to January 19, 2010 to the effective date of the order signed by the Court approving this class settlement, received a summons and complaint and attorneys supporting affirmation in regard to lawsuits commenced by the law firm Relin, Goldstein & Crane, LLP based upon a consumer credit cards issued by FIA Card Services, N.A. and/or The Bank of America.

2. The Court finds based upon the stipulations of the parties, for settlement purposes only:

   a. The class is sufficiently numerous that joinder is impracticable. There are 518 persons in the class as defined above.

   b. Common questions or fact and law predominate over any questions affecting any individual class members. The common questions concern the alleged use by the Defendants of false, deceptive and misleading means when attempting to collect alleged consumer credit card debts.

   c. Plaintiff is an appropriate and adequate representative for the class.

   d. A class action is a superior method for the fair and efficient adjudication of the claims of the class.

3. The Court finds that the provisions for notice to the class satisfies the requirements of Fed. R. Civ. P. 23 and due process.

4. The Court finds that the settlement is fair and reasonable and approves it. The parties are directed to implement the settlement in accordance with its terms. The Court retains jurisdiction to hear and decide the Plaintiff's motion for attorneys fees and costs associated with the class settlement agreement.

5. Each class member other than class member June V. Frank, formerly June V. Newkirk, shall, as of the effective date of this settlement, be deemed to release and discharge forever Defendants and their heirs, current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, and employees, attorneys and insurers ("Released Parties"), from all claims, controversies, actions, causes of actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgments, alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. sections 1692 et seq. or liabilities of any kind whatsoever in law or in equity, arising out of agreement or imposed by federal or state statute, common law or otherwise, from the beginning of time, whether or not known, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not. This release is conditioned upon the performance by Defendants of their obligations toward the class members as set forth in the class settlement agreement.

6. The Court finds that the settlement agreement is fair and made in good faith.

7. Other than Plaintiff's claims for attorneys fees and costs incurred in regard to the herein action, the Court dismisses the claims of the Plaintiff and the class against the Defendants and the Released Parties (as defined in the settlement agreement) with prejudice.

8. The Court retains jurisdiction over the interpretation, enforcement and implementation of the settlement agreement and this Order.

Enter:

George A. Yanthis  
Chief U.S. Magistrate Judge

DATED: October 27, 2010